(No. 4098—)

RICHARD W. BAUCH, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 17, 1949.*

LEONARD J. RHUE, Attorney for Claimant.

HON. GEORGE F. BARRETT, Attorney General, by ARCHIE BERNSTEIN, Assistant Attorney General, for Respondent.

SCHUMAN, C. J.

The complaint alleges that on May 11, 1948 claimant, Richard W. Bauch, of Chicago, Illinois, was injured by reason of an accident arising out of and in the course of his employment by the respondent while working for the Service Recognition Board at 218 W. Monroe Street, Chicago, Illinois. Claimant, 23 years of age, a clerk typist, was employed at the rate of $2,200.00 a year. Claim is made for medical care and attendance, temporary total disability, partial disability, and for serious and permanent disfigurement to his head and scalp.

On the day of the accident, claimant and another clerk typist, Martin E. McNeela, entered the freight elevator, push-button self-operable type, situated at the rear of the offices on the second floor of the building at the above address. Several of the personnel from the other offices of the Service Recognition Board located on upper floors of the building were on the elevator. The time was approximately 3:15 o'clock in the afternoon. The elevator proceeded to the first floor. The elevator door consisted of two sections which opened by sliding up and down, instead of to the side. When the bottom half of the door lowered, the upper half simultaneously raised. Mr. Bauch and Mr. McNeela opened the elevator door. They apparently pushed the lower half of the door too hard. When it slammed the mechanism holding the upper half of the door released and the upper half of the door fell and struck both the claimant and Mr. McNeela, gashing the top of their heads. They were stunned as a result of the blow and bled from the scalp wounds so inflicted.

They received first aid and were immediately taken to the Henrotin Hospital, Chicago, Illinois, where their scalp wounds were treated. X-rays were taken of the claimant's body, shoulders, back and head. He required about 17 stitches for the cut received on his head. He was then taken home in a taxi and remained there for about two weeks before returning to work. Mr. Bauch continued his employment with the Service Recognition Board until September 10, 1948. He then obtained his present employment in the United States post office. He now earns less money than he did when employed by the respondent, as aforesaid. The respondent paid all hospital, medical, and surgical expenses occasioned by the accident. He has not lost any time from employment

since the accident; however, he complained of occasional headaches experienced since the accident. The scar resulting from the head wound is completely hidden by his hair and is practically unnoticeable when located upon inspection.

The respondent vigorously contested the claim on the ground that claimant was forbidden to use the freight elevators during break periods and except when authorized in the course of his duties. It was proved that, at the time of the accident occurring during the afternoon break period, claimant entered the freight elevator intending to proceed to the first floor and out the building rear entrance to a nearby coffee shop. The testimony disclosed he so proceeded to save time otherwise required by going to the front stairway or elevator and then around the outside of the building to the coffee shop. There is much conflicting evidence in the record respecting the right of claimant to use the freight elevator at the time he was injured and respecting notices posted and warnings given him forbidding the use of the freight elevator during break periods and except in the course of employment.

In the case at hand, however, there is no need to consider the question of claimant's right to compensation. Despite full opportunity afforded claimant to produce proof, the record is barren of any showing of compensable injury suffered by claimant.

The evidence showed that although given full opportunity, no medical testimony was submitted to sustain any showing of a compensable injury. In fact a letter was introduced by claimant's attorney recommending a finding against claimant.

This is also true of the alleged claim for disfigure-

ment as contemplated by the Workmen's Compensation Act.

The evidence further shows that the alleged injury occurred during a break, or rest period. In using the elevator at such period, as show nby the evidence, claimant was not performing any act for his employer in the course of his employment. The risk assumed by claimant in the use of the elevator was not attendant upon his employment. In fact the instructions were not to use it during this period. The injury, if any, did not occur to the claimant while performing some act for his employer in the course of his employment or incidental to it.

The testimony on the hearing before Commissioner Young was taken and transcribed by A. M. Rothbart, who has submitted a statement for $89.50 for his services. This charge is reasonable and proper.

Claim of Richard William Bauch is denied.

Award is made in favor of A. M. Rothbart for stenographic and reporting service in the amount of $89.50.

This award is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."